# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS



RECEIVED
DEC 17 2003

| | | |
|---|---|---|
| LAWRENCE WATSON | ) | CIVIL ACTION NO. |
| **Plaintiff** | ) | |
| | ) | MOTION TO DISMISS |
| v. | ) | AND VACATE |
| | ) | ORDER *NUNC PRO* |
| DORCHESTER DISTRICT COURT | ) | *TUNC* |
| THE APPELLATE COURT OF | ) | |
| THE COMMONWEALTH OF | ) | |
| MASSACHUSETTS | ) | |
| **Defendants** | ) | |

## COMPLAINT

1. Lawrence Watson, herein the Plaintiff, is a resident of Boston, Massachusetts in Suffolk County and a resident of the United States of America
2. The Defendant, Dorchester District Court, is a district court of the judicial system of the Commonwealth of Massachusetts and located within Suffolk County.
3. The Defendant, the Appellate Court of the Commonwealth of Massachusetts, is an appeals court of the Commonwealth of Massachusetts and is located within Suffolk County.

## JURISDICTION

4. This Court has jurisdiction because the Defendants have violated the Plaintiff's rights guaranteed under the Fifth and Fourteenth Amendment to the Constitution of the United States of America

## FACTS

5. On March 31, 2003 the Plaintiff filed a complaint for assault & battery against the Sherry Walker after suffering another physical attack. A hearing was scheduled for May 19, 2003 in Dorchester District Court and later continued for August 1, 2003.
6. On April 4, 2003 the Plaintiff filed a motion for visitation rights in Probate Court because Sherry Walker would not allow the Plaintiff proper access to his daughter Shanai Lauryn Watson. The hearing was scheduled for May 13, 2003.
7. On April 4, 2003 the Plaintiff applied for a restraining order against Sherry Walker out of concern that she would physically assault him when he attempts to visit his daughter..
8. On May 5, 2003 Sherry Walker applies for and receives a temporary restraining order against the Plaintiff. The hearing is scheduled for May 19, 2003 .

9. On May 9, 2003 the Plaintiff calls the restraining order department at Dorchester District Court because he has a previously scheduled hearing in Taunton District Court on May 19, 2003. The Defendant was informed that he will have to physically appear in Dorchester District Court to have the hearing date changed.
10. On May 16, 2003 the Plaintiff appeared at the restraining order department at Dorchester District Court to reschedule the hearing. Leslie Martines of the restraining order department refused to accommodate the Plaintiff. Ms. Martines claimed that only Sherry Walker can reschedule the hearing and that it was too late because Sherry Walker has to be given at least 10 days notice.
11. On May 19, 2003 the Plaintiff had his sister Nadena Watson submit a motion for change of date and a motion for change of venue to Dorchester District Court. Sherry Walker and her children are still present in the court when Ms. Watson submitted the aforementioned motions. The hearing is held without the Plaintiff present and Judge Rosalind Miller renewed the order for one year.
12. The Plaintiff filed a motion to dismiss and vacate *nunc pro tunc* the restraining order on June 8, 2003. The hearing was scheduled for June 18, 2003
13. On June 18, 2003 both parties appeared before Judge Timothy Gailey for the motion to dismiss and vacate *nunc pro tunc* filed by the Defendant. Judge Timothy Gailey refused to hear the Plaintiff's motion to dismiss and vacate the order based on the violation of the Defendant's right to due process and ordered the Plaintiff to state his opposition to the issuing of the restraining order. Repeatedly the Plaintiff asked the Court to address the violation of his constitutional rights and Judge Gailey refused. Judge Gailey extended the order from one year of the date of the hearing of June 18.
14. On August 18, 2003 the Plaintiff appeared at the office of the Appeals Court of the Commonwealth of Massachusetts to file an appeal of the June 18 decision. When the Plaintiff attempted to file an appeal, the clerk of the Court informed the Plaintiff that the time period allowed to file an appeal is 30 days. The Plaintiff had been informed by the chief clerk of Dorchester District Court that the time period was 90 days.
15. On Septmber 3, 2003 the Plaintiff filed a petition for late filing of appeal. The Plaintiff filed a motion to waive the entry fee because he could not afford the fee of $315.00
16. On September 5, 2003 the Plaintiff received notice from the Appeals Court that his motion to waive the entry fee was denied.
17. The Plaintiff did not complete the appeal process because he is truly indigent and financially incapable of fulfilling the monetary requirements.
18. The Defendants issued the restraining order despite the specific guidelines of M.G.L.c.209A
19. The Defendants violated the Plaintiff's right to due process and right to appeal

Wherefore the Plaintiff asks this Court to dismiss and vacate the aforementioned restraining order *nunc pro tunc*

Respectfully

*[signature: Lawrence Watson]*

Lawrence Watson
11 Lucerne Street
Boston, MA 02124
(617) 282-6181