```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

LAWRENCE WATSON,              )
         Plaintiff,           )
                              )  C.A. No. 03-12586-RGS
     v.                       )
                              )
DORCHESTER DISTRICT           )
COURT, et al.,                )
         Defendants.          )
```

MEMORANDUM

The instant action is one of four actions recently filed[1] by pro se plaintiff Lawrence Watson seeking to obtain from this Court relief that was apparently denied him in state court. For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

REVIEW

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.

---

[1] Watson v. Dorchester District Court, et al., C.A. No. 03-12585-RGS; Watson v. Miller, et al., C.A. No. 04-11079-RGS; and Watson v. Moriarty, et al., C.A. No. 04-11080-RGS.

1

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

An in forma pauperis complaint may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even construing plaintiff's complaint generously, Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

## BACKGROUND

Plaintiff brings this action against the Dorchester District Court and the Appellate Court of the Commonwealth of Massachusetts seeking to have this Court dismiss and vacate a restraining order that was entered by the Dorchester District Court. See Complaint ("Compl."). Plaintiff's complaint

consists of three typewritten pages including a jurisdictional statement alleging this Court's jurisdiction under the Fifth and Fourteenth Amendments to the United States Constitution. Id. at ¶ 4. Plaintiff's complaint consists primarily of a recounting of events surrounding a state court's denial of plaintiff's request for a restraining order as well as plaintiff's unsuccessful efforts to file an appeal. Id. at ¶¶ 5-17.

## DISCUSSION

In essence, plaintiff's complaint attempts to raise a Fourteenth Amendment due process claim arising under 42 U.S.C. § 1983. A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. A viable procedural due process claim must demonstrate a "deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' ... without due process of law."

Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (internal citations omitted).  Even assuming, without deciding, that plaintiff has constitutionally protected liberty or property interest, plaintiff's claims lie outside this Court's subject matter jurisdiction and are subject to dismissal based upon the Rooker-Feldman doctrine.

To the extent plaintiff seeks to have this court review the actions, or inactions, of the Dorchester District Court, federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).

It appears from plaintiff's complaint that he seeks to assert claims he has already attempted to present to the Massachusetts state courts.  This Court may not entertain claims which have already been litigated and may not review the civil judgments of state courts.  See Hill v. Town of Conway,  193 F.3d 33, 39 (1st Cir. 1999).

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which

relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be

dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>8th</u> day of <u>July</u>, 2004

                                         /s/ Richard G. Stearns
                                        RICHARD G. STEARNS
                                        UNITED STATES DISTRICT JUDGE